UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN MICHAEL GUTIERREZ,<br><br>  Defendant. | Case No.:  22-CR-2248-TWR<br><br>**ODER DENYING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT** |

Pending before the Court is defendant Gutierrez's oral motion to dismiss Count 2 of the Indictment [hereinafter "Motion].[1] The government has filed a response and opposition to the Motion. *See* ECF No. 57. Defendant Gutierrez filed a brief in support of the Motion. *See* ECF No. 58.

The Fifth Amendment's grand jury requirement establishes the substantial right to be tried only on charges presented in an indictment returned by a grand jury. *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017) (citations and quotations omitted). An indictment must furnish the defendant with a sufficient description of the charge against

---

[1] The Indictment was filed on September 28, 2022. The oral motion to dismiss Count 2 was made on November 27, 2023, shortly before jury selection was scheduled to begin.

1

him to prepare his defense (the notice function), and to enable him to plead double jeopardy against a second prosecution (the double jeopardy function). *United States v. Gordon*, 641 F.2d 1281, 1283 (9th Cir. 1981). Thus, an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged," as well as "the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Rule 7(c)(1), Federal Rules of Criminal Procedure.

Here, the "definite written statement" set forth in Count 2 of the Indictment clearly alleges a violation of Title 21, United States Code, Section 856(a)(2). *See* Indictment at p. 2, lines 4-11. Yet, the statute "alleged to have [been] violated" by defendant Gutierrez is incorrectly listed as Title 21, United States Code, Section 856(a)(1). *Id*. at p. 2, line11. Rule 7(c)(2) makes clear, however, that an error in statutory citation is not a proper basis to dismiss a charge unless the defendant was misled and thereby prejudiced by the erroneous citation. *See United States v. Gordon*, 641 F.2d at 1284 ("While correct citation to the relevant statute is always desirable, both the Federal Rules and the cases interpreting them make it clear that an error or omission is not necessarily fatal.")

The resolution of the pending Motion therefore depends on whether defendant Gutierrez was misled and thereby prejudiced by the incorrect statutory citation in Count 2. *See United States v. Clark*, 416 F.2d 63, 64 ("[w]e read Rule 7(c) to permit the citation of a statute on an indictment to be amended where, as here, the facts alleged in the indictment will support such a change" and where the defendant was not "prejudicially misled by the amendment of the citation"). Defendant Gutierrez has failed to sufficiently allege or

establish that he was misled by the incorrect statutory citation and, as a result, suffered prejudice.[2] The Motion is therefore DENIED.[3]

IT IS SO ORDERED.

DATED: 11/27/2023

*[signature]*

THE HONORABLE TODD W. ROBINSON
United States District Judge

---

[2] The only prejudice-related allegation made by defendant Gutierrez is the assertion, without elaboration, that he cannot "know with certainty what the elements of the offense are and prepare adequately for his defense." *See* ECF No. 58 at p. 4, lines 7-8.

[3] Consistent with the above-noted authority, the government's request to amend the Indictment is GRANTED. The statutory citation in Count 2 shall be amended to read "856(a)(2)." The government shall submit proposed jury instructions consistent with that amendment.